**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

RALPH L. DOUROS,                                    :
                            Plaintiff,                          :
                                                               :
                            v.                                 :          Civil No. 5:20-cv-03254-JMG
                                                               :
SANTANDER BANK, N.A., *et al.,*                  :
                            Defendants.                     :
_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                          **January 7, 2021**

## I.      OVERVIEW

Plaintiff Ralph Douros filed suit in the underlying matter alleging, *inter alia*, that the

Pennsylvania Supreme Court violated his constitutional rights by refusing to hear his appeal

concerning claims against his mortgage lender.  Presently before the Court is the Pennsylvania

Supreme Court's Rule 12(b)(1) Motion to Dismiss, which asserts that the Eleventh Amendment to

United States Constitution bars the Court from hearing claims by individual citizens against

Commonwealth entities.  For the reasons set forth below, Defendant's Motion is granted and

Plaintiff's Complaint against the Pennsylvania Supreme Court is dismissed with prejudice.

## II.      FACTUAL BACKGROUND

### a.  Allegations

Plaintiff alleges that on November 1, 2018, Defendant Santander Bank[1] brought a mortgage

foreclosure action against him in the Berks County Court of Common Pleas.  *See* Compl.

According to Plaintiff, this action was without merit because his mortgage was paid in full as of the

---

[1] It is not clear from the Complaint to whom Plaintiff is referring when he states that "Defendants did improperly and illegally file with the court…[a] complaint which they were not able to prove in any court."  The Court construes this sentence as referring to Santander Bank since it is the only financial entity listed in Plaintiff's Complaint.

1

date of the suit.  *Id.*  Plaintiff then filed a counterclaim against Santander Bank, which was subsequently denied, and eventually appealed to the Pennsylvania Supreme Court.  *Id.*  Plaintiff's Petition for Allowance of Appeal was ultimately rejected as untimely and his Petition for Allowance of Appeal *Nunc Pro Tunc* was also denied.  *Id.*  As a result, Plaintiff filed a Complaint with this Court alleging, among other things, that the Pennsylvania Supreme Court violated his rights under the Fifth, Seventh, and Fourteenth Amendments by denying his appeal.  *Id.*  Because Plaintiff seeks civil redress for alleged violations of his constitutional rights by a state actor, the Court construes Plaintiff's Complaint as an action for relief pursuant to 42 U.S.C. § 1983.  *See Carey v. Piphus*, 435 U.S. 247, 253 (1978).

Defendant seeks dismissal of Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(1)[2], arguing that this Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to the Eleventh Amendment of the United States Constitution.  *See* Def.'s Mot. 5.  Defendant asserts that Pennsylvania Courts are Commonwealth entities entitled to sovereign immunity which has been neither waived by the state nor abrogated by federal statute.  *Id.* at 5-6.  Plaintiff counters that the Eleventh Amendment does not shield Pennsylvania courts from suits by individual citizens because the Pennsylvania constitution prohibits certain conduct by members of the judiciary and because no individual is above the law.  *See* Pl.'s Reply 2.

**b.  Procedural History**

Plaintiff filed a *pro se* Complaint against Defendants Santander Bank, N.A., Scott Powell, Dovenmuehle Mortgage, Inc., Tara Kozak, Kevin Mayers, and the Pennsylvania Supreme Court[3] on

---

[2] Defendant also seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).  However, because Defendant's 12(b)(1) Motion is dispositive, the Court will dismiss the Complaint on this ground alone.

[3] Plaintiff's Complaint lists "Judiciary, Commonwealth of PA, Supreme Court" as Defendant Number 6 in this matter.  *See* Compl.  Although it is not clear whether Plaintiff intended to bring suit solely against the Pennsylvania Supreme Court or other courts within the state as well, Defendant has noted that the defenses set forth in its Motion are equally applicable to all Courts of the Commonwealth of Pennsylvania.  As discussed in greater detail below, the Court's ruling likewise applies equally in either context.

June 30, 2020 (ECF No. 1).  The Pennsylvania Supreme Court filed the present Motion to Dismiss

on July 14, 2020 (ECF No. 3) and Plaintiff filed a Reply to Defendant's Motion on August 21, 2020

(ECF No. 4).  None of the other named Defendants have filed answers or otherwise responded to

Plaintiff's Complaint.[4]

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the

complaint by alleging that the court lacks subject-matter jurisdiction over the plaintiff's claims.

*Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).  There are two types of 12(b)(1)

motions: those that attack the complaint on its face and those that attack the existence of subject

matter jurisdiction in fact.  *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d

Cir. 1977).  Facial attacks "assume that the allegations of the complaint are true, but contend that

the pleadings fail to present an action within the court's jurisdiction."  *Wheeler v. Corrections

Emergency Response Team*, No. 18-3813, 2019 WL 2715636, at *3 (E.D. Pa. June 28, 2019) (citing

*Mortensen*, 549 F.2d at 891).  Factual attacks, on the other hand, contend that even if the pleadings

establish subject-matter jurisdiction on their face, the factual allegations within the complaint are

untrue, thus rendering the case outside of the court's jurisdiction.  *Mortensen*, 549 F.2d at 891.

Ultimately, the plaintiff bears "the burden of proof that jurisdiction does in fact exist" when faced

with a 12(b)(1) motion to dismiss.  *Id.*  If the plaintiff is unable to establish the existence of subject-

matter jurisdiction over their claims, the court is without power to hear the case and must dismiss

the complaint.  *Petruska*, 462 F.3d at 302.

---

[4] To date, the Docket does not indicate that Plaintiff has properly effected service upon Defendants in this case.  The Court's Civil Deputy issued written notifications on August 24, 2020 and November 4, 2020 informing Plaintiff of his obligation to provide proof of service pursuant to Fed. R. Civ. P. 4(l) (ECF Nos. 5, 6).

## IV.    ANALYSIS

The Eleventh Amendment to the United States Constitution provides immunity for states against "suit[s] in federal court by its own citizens as well as those of another state." *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984).  Accordingly, federal courts are without subject-matter jurisdiction to hear claims by individual citizens against state entities.[5]  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).  The Pennsylvania constitution contemplates a unified judicial system wherein all courts are part of the Commonwealth government.  *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005). The Pennsylvania Supreme Court is therefore a Commonwealth entity entitled to sovereign immunity under the Eleventh Amendment.  *Scarborough v. Court of Common Pleas of Northampton County*, 794 F. App'x 238, 239 (3d Cir. 2020); *Benn*, 426 F.3d at 241.

Notwithstanding the protections afforded under the Eleventh Amendment, state entities may be subject to suit by individual citizens in two scenarios: (1) state waiver of sovereign immunity; and (2) congressional abrogation via federal statute.  *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195-96 (3d Cir. 2000).  The Pennsylvania legislature has expressly declined to waive sovereign immunity under the Eleventh Amendment.[6]  *See* Pa. Const. Stat. and Cons. Ann. § 8521(b) (West 1980).[7]  Likewise, Congress has not "unequivocally expressed its intent to abrogate" Pennsylvania's sovereign immunity under the applicable federal statute.  *See Green v. Mansour*, 474 U.S. 64, 68 (1985).  In enacting § 1983, Congress "expressed no intention of disturbing the states' sovereign immunity."  *Blanciak*, 77 F.3d at 697 (citing *Quern v. Jordan*, 440 U.S. 332, 339-346 (1979)).  Since the Pennsylvania Supreme Court is not subject to either exception to sovereign

---

[5] Whether the relief sought is monetary or equitable is irrelevant to the question of Eleventh Amendment immunity.  *See Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000).

[6] The Pennsylvania constitution states in relevant part that "[s]uits may be brought against the Commonwealth in such a manner, in such courts and in such cases as the Legislature may by law direct."  Pa. Const. Art. 1, § 11.

[7] "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the Constitution of the United States."

immunity, Plaintiff's claims are barred under the Eleventh Amendment and the Court is without jurisdiction to hear this case.

**V.     CONCLUSION**

Plaintiff's suit against the Pennsylvania Supreme Court is barred due to the sovereign immunity afforded to state entities under the Eleventh Amendment to the United States Constitution.  Even assuming that his allegations are true, Plaintiff has failed to prove that the Court has subject-matter jurisdiction over the claims in this case.  Additionally, any amendments to the Complaint against the Pennsylvania Supreme Court would be futile since this Court lacks subject-matter jurisdiction over Plaintiff's claims.  *See Scarborough*, 794 F. App'x at 240.  Therefore, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint, as it pertains to the Pennsylvania Supreme Court, is dismissed with prejudice.  An appropriate order follows.


BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge